UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 4:12-CV-2277 (CEJ) |
| MEDICREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for partial summary judgment on the issues of liability and statutory damages. Defendant has filed a response in opposition and the issues are fully briefed.

### I.    Background

Plaintiff brings this action alleging that defendant, a debt collection firm, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, while attempting to collect a consumer debt allegedly owed by plaintiff to a third party. Plaintiff alleges that defendant violated the FDCPA by: (1) contacting plaintiff by mail and telephone after defendant received a cease-and-desist letter;  and (2) contacting plaintiff by mail and telephone after defendant had actual knowledge that plaintiff had filed this lawsuit and was represented by counsel.  As an affirmative defense, defendant states that if any violation of the FDCPA occurred, it was the result of  "bona fide error" and was not intentional.

### II.    Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most

favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

III.   Discussion

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prevail on a claim pursuant to the FDCPA, a plaintiff must allege and prove that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; [and] (3) the defendant has violated by act or omission a provision of the FDCPA." Hart v. Franklin Credit Mg't Corp., No. 4-12-CV-1126 (E.D. Mo. February 11, 2013) (citing Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997)). In the instant case, the first two elements are satisfied as defendant has conceded that it is a debt collector and plaintiff is a consumer as defined by the FDCPA. (Doc. #23-3).

In order to satisfy the third element, plaintiff contends that defendant violated § 1692c(c), which prohibits a debt collector from contacting a consumer if the consumer, in writing, instructs the debt collector to cease further communication. The evidence establishes that defendant sent a collection letter to plaintiff dated September 21, 2012 regarding a debt allegedly owed to Ameren, a utility company. The evidence also establishes that defendant received a letter from plaintiff on October 11, 2012, in which the plaintiff referred to the September 21 collection letter, disputed "everything you are trying to collect from me," and instructed the defendant to cease and desist all future contact with him. In the cease-and-desist letter plaintiff also informed the defendant that he was represented by counsel and provided the name, address, and telephone number of their firm. After this lawsuit was filed, defendant was served a copy of the summons and complaint on November 9, 2012. On November 20, 2012, defendant mailed an "Urgent Notice" to plaintiff in an attempt to collect a debt.

Based on the evidence submitted, the Court concludes that defendant did violate the FDCPA by failing to cease communication with plaintiff after defendant received the cease-and-desist letter and after defendant had actual knowledge of plaintiff's legal representation. The fact that the parties dispute the number of contacts that occurred does not preclude a finding of liability; the November 20, 2012 collection letter is enough to establish liability. See Isham v. Gurstel, Staloch & Chargo, P.A., 738 F. Supp. 2d 986 (D. Ariz. July 7, 2010) ("Because the FDCPA is a strict liability statute, a single violation of the Act invokes statutory liability upon the debt collector.").

Nevertheless, defendant contends that any of the FDCPA violations alleged by plaintiff were the result of a bona fide error, which serves as a complete defense and relieves defendant of liability. See 15 U.S.C. § 1692k(c), Johnson v. Riddle, 443 F.3d 723 (10th Cir. 2006). To avail itself of this defense, a debt collector must show by a

-3-

preponderance of the evidence that: (1) the alleged violation was not intentional; (2) the alleged violation resulted from a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c)).   "The first element . . . is a subjective test that assesses the credibility of the debt collector's assertions that the FDCPA violation was not intentional." Montgomery v. Shermata, Adams & Von Allmen, P.C., 885 F. Supp. 2d 849, 857 (W.D. Mich. 2012); see also Isham, P.A., 738 F. Supp. 2d 998 ("To satisfy this prong, the defendant must only show that the FDCPA violation was unintentional[.]").

Here, defendant maintains that  it had procedures in place to avoid FDCPA violations, and that any violations that may have occurred were unintentional.  In an affidavit, Timothy Whalen, defendant's Director of Operations,  states that "[a]ny alleged FDCPA violations were unintentional, as these procedures have worked prior to this alleged error . . . and [defendant] cannot determine why its procedures did not result in the correct notation in [p]laintiff's account." (Doc. #26-1).  In essence, defendant argues that because it had procedures in place to avoid FDCPA violations, any violation that occurred despite these procedures must have been unintentional.   Defendant's argument improperly conflates the elements that must be proved to establish the bona fide error defense and invites the Court to draw an inference that is not supported by any facts.

By its own admission, defendant does not know why its procedures didn't work in plaintiff's case.   Consequently, defendant has offered no facts explaining how or why the November 20 collection letter was sent to plaintiff despite plaintiff's request that such communication cease.  Without such proof, defendant cannot establish the first element of the bona fide error defense.  See Ploch v. Client Services, Inc., Case No. 4:12-CV-518 (HEA) (E.D. Mo. Apr. 4, 2013)(defendant debt collector's "self-serving, conclusory statements that the correspondences were unintentional without explaining any facts that

-4-

caused the multiple calls and letter" held insufficient to establish the first element of the bona fide error defense).

For the reasons discussed above, the Court concludes that plaintiff is entitled to judgment as a matter of law on his claim of violation of the FDCPA. Plaintiff seeks statutory damages of $1000, actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1692k.  In considering the amount of actual damages to be awarded, § 1692k requires the court to look at the following factors: (1) the frequency and persistence of the debt collector's non-compliance with the law, (2) the nature of the non-compliance, (3) the extent to which the collector intentionally did not comply with the law. 15 U.S.C. § 1692k(b).   While the Court believes that plaintiff is entitled to recover statutory damages of $1,000, the amount of actual damages, if any, cannot be determined on the basis of the current record.  Therefore, the issue of actual damages and attorneys' fees will be deferred to a later date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment as to FDCPA liability and statutory damages [Doc. # 22] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2013.

-5-