UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AARON ROGERS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 4:12-CV-2277 (CEJ) |
| MEDICREDIT, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a second amended class action complaint, for leave to file a motion for class certification, and for amendment of the existing Case Management Order. Defendant has filed a response in opposition and the issues are fully briefed. Also before the Court is plaintiff's motion to dismiss Count III of the first amended complaint without prejudice.

I.  Background

In the first amended complaint, filed on January 8, 2013, plaintiff asserts individual claims against defendant Medicredit based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227 *et seq.* (Count II), and asserts a claim of tortious intrusion upon seclusion (Count III).

On January 17, 2013, the Court issued a Case Management Order setting February 18, 2013 as the deadline for joining additional parties and amending pleadings and July 1, 2013 as the deadline for completing all discovery. On May 31, 2013, the Court granted plaintiff's motion for partial summary judgment as to FDCPA liability and statutory damages. The Court subsequently granted plaintiff's request for substitution of counsel.

On June 3, 2013, plaintiff filed the instant motion for leave to file a second amended class action complaint, leave to file a motion for class certification, and for amendment of the existing Case Management Order. The proposed second amended class action complaint adds three new defendants: The Outsource Group, Inc. (TOG), St. Francis Medical Center (St. Francis), and Union Electric Company (Union Electric). The debts at issue in this action arise out of electricity and medical services that were provided to plaintiff by Union Electric and St. Francis. TOG is the corporation that owns Medicredit, the original named defendant. Plaintiff alleges that the conduct of these defendants violated the TCPA. Plaintiff does not assert any new claims against Medicredit. Plaintiff seeks to bring the claims as a class action.

II.     Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend pleadings] when justice so requires." Under this liberal amendment policy, denial of leave to amend pleadings is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment. Sanders, 823 F.2d at 217.

However, when a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a).

Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

Plaintiff provides two reasons for why he did not meet the February 18, 2013 deadline for adding parties and amending pleadings. First, plaintiff states that on May 9, 2013, the Federal Communications Commission (FCC) released a decision stating that creditors who hire third party debt collectors can be held vicariously liable for the debt collector's violations of the TCPA. See Dish Network et al Petition for Declaratory Ruling re: TCPA Rules, FCC 13-54, available at http://www.fcc.gov/document/dish-network-et-al-petition-declaratory-ruling-re-tcpa-rules. Plaintiff argues that the release of this ruling constitutes good cause for the Court to grant leave to join the additional defendants, as prior to the ruling there was no agency guidance on whether creditors could be held vicariously liable. Plaintiff's second reason is that he has retained new legal counsel.

The question of whether to join TOG, St. Francis, and Union Electric as defendants in this case does not hinge on the FCC's May 9 ruling. District courts have had little difficulty deciding for themselves whether vicarious liability may apply in the creditor-debt collector context. In Jamison v. First Credit Services, Inc., 2013 WL 1248306, *4 (N.D. Ill. Mar. 28, 2013), the court acknowledged that "[w]hile the FCC's guidance on vicarious liability is concededly scant, it has been unequivocal that an

entity can be held liable for calls made on its behalf even if the entity itself did not directly place the call." In Martin v. Cellco Partnership, 2012 WL 5048854, *1 (N.D. Ill. Oct. 18, 2012), the court turned to a 2008 FCC ruling in order to hold that "a creditor is responsible for calls made on its behalf." See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559 (Jan. 4, 2008). While, in contrast, Mais v. Gulf Coast Collection Bureau, Inc., 2013 WL 1899616, *13 (S.D. Fla. May 8, 2013), acknowledged the FCC's stance on creditor vicarious liability, but chose not to defer to the FCC's interpretation of the TCPA.

"Ultimately, a party must 'give a persuasive reason why the dates originally set by the scheduling order . . . could not reasonably be met despite the diligence of the party seeking the extension.'" Anzures v. Prologis Texas I, LLC, 886 F.Supp. 2d 555, 561 (W.D. Tex. Aug. 10, 2012) (citing Argo v. Woods, 399 Fed. Appx. 1, 3 (5th Cir. 2010)). The FCC's ruling is not a persuasive reason for why plaintiff failed to meet the February 18, 2013 deadline for joining additional parties. Plaintiff does not argue that he was unaware of the identities of TOG, St. Francis, or Union Electric at the time the original complaint was filed or that he discovered pertinent facts after the February deadline. Instead, plaintiff argues that the "May 9th FCC ruling on vicarious liability in the TCPA context clarified a previously unappreciated avenue of recovery for [p]laintiff." As demonstrated by the cases cited above, plaintiff could have discovered through research that vicarious liability claims against creditors were being adjudicated by other district courts prior to the May 9 FCC ruling. Additionally, plaintiff's proposed second amended complaint alleges that TOG is the principal owner of Medicredit and is vicariously liable under an agency theory. The untimely joinder of TOG has no logical

relation to the FCC ruling, which dealt with liability arising from the creditor-debt collector relationship.

Plaintiff's second reason--*i.e*, the retention of new legal counsel "who clearly believes that a class action is the proper avenue to pursue in the circumstances of this case and that it is necessary to add three previously unnamed parties,"--is also not sufficient to establish good cause for amendment. "[T]he fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause." Field Day, LLC v. County of Suffolk, 2013 WL 55697, *3 (E.D.N.Y. Jan. 3, 2013) (citing Scott v. N.Y.C. Dep't of Corr., 445 F. App'x 389, 391 (2d Cir. 2011)); Harshaw v. Bethany Christian Services, 2010 WL 8032038, *8-9 (W.D. Mich. Aug. 5, 2010) (Retaining new counsel with new litigation strategies is not good cause to reopen discovery or extend deadlines); Alexander v. Westbury Union Free School Dist., 829 F.Supp. 2d 89, 118 (E.D.N.Y. Nov. 4, 2011) ("To find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel.") (citations omitted). Filing a case as a class action is a tactical decision, which plaintiff's original counsel chose not to pursue. If plaintiff wished to litigate this case as class action he should have diligently amended his complaint by the February 18th deadline. Accordingly, the Court concludes that plaintiff cannot establish good cause for leave to file an untimely amended complaint.

Although prejudice to the nonmoving party is a secondary issue that is generally not considered if good cause is not found, the Court is aware of the prejudice that would occur if plaintiff is allowed to amend his complaint. The plaintiff filed the instant motions less than a month before the July 1, 2013 deadline for completing discovery. When the motions were filed, the depositions of the plaintiff and defendant's corporate

designee had not been taken. Additionally, there has been no class-related discovery. The Eighth Circuit has held that when "considerable additional discovery would be required to deal with the question of class certification" a district court may deny a request to amend. <u>Niesse v. Shalala</u>, 17 F.3d 264, 266 (8th Cir. 1994). When a plaintiff is permitted to join additional defendants that require extensive additional discovery, the original defendant is prejudiced by the delay in the disposition of the lawsuit. See <u>Wonasue v. University of Maryland Alumni Ass'n</u>, 2013 WL 3009316, *5 (D.Md. June 14, 2013). The Court believes that the defendant would be prejudiced by the delay that would result from need to conduct class discovery. The reasons proffered by plaintiff do not justify such delay.

\* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file second amended class action complaint, leave to file motion for class certification, and for amendment of case management order [Doc. #41] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss Count III of the first amended complaint without prejudice [Doc. #43] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2013.